Frost J.
delivered the opinion of the Court.
The Act of 1786, 4 Statutes, 743, prescribes the manner and form of proceeding by which dower may be admeasured to the widow, in the lands of her deceased husband; and it is provided, that “the expenses which may be incurred in making such admeasurement, shall be paid by the persons who shall claim the property or be in possession of the land.” In directing the expense of the, proceeding to be paid by the person claiming, or in possession of the land, the act does not provide for litigated cases only; but also, that where there is no opposition, the share of the widow shall be assigned and delivered to her, without any charge. This construction is confirmed by the provision of the Act of 1717, 4th Stat., 385, (for which the Act of 1786 is a substitute,) “that the whole expense of making the admeasurement of dower shall be defrayed out of the estate of the heir at law.” In this the statutes follow the common law. The widow is the tenant of the heir or owner for the land held in dower, and it is his duty to measure and set out a part of the land, to be held by her, and to put her in possession. ITe may assign to the widow her share of the land, or make any composition in lieu of dower; and if she is satisfied and accepts it, no legal proceeding is necessary; 1 Cruise, Dig. Title Dower. He must defray the expense of assigning the dower, whether by his own act or by legal proceeding; and he cannot exempt himself from the charge by a return to the summons, that he was ready and offered to assign the demanda at her dower before the summons was issued. The decision in this case is supported by Vance v. Becknall, 1 Bail. 140.
The motion is refused.